# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 17, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TIMOTHY WERNER BOOTHE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1560V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Table Injury; |
| AND HUMAN SERVICES, | * | Influenza Vaccine; Guillain-Barré |
| | * | Syndrome. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Robert Oushalem, San Jose, CA, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On October 19, 2017, Timothy Werner Boothe ("petitioner") filed a petition for compensation ("Petition") under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) as a result of receiving an influenza ("flu") vaccination on October 3, 2016. Petition at 1.

On September 14, 2018, respondent filed a report pursuant to Vaccine Rule 4(c) stating that petitioner's claim was appropriate for compensation. Respondent ("Resp.") Report ("Rpt.") at 1. Specifically, respondent has concluded that petitioner suffered GBS following a flu vaccine within the Table time period, and there is not a preponderance of the medical evidence that petitioner's GBS was due to a factor unrelated to the vaccination. Id. at 4. The claim also meets the severity requirements because petitioner experienced sequelae of his GBS for more than six

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

months.  Id.  Therefore, based on the record as it now stands, compensation is appropriate, as petitioner has satisfied all legal prerequisites for compensation under the act.  Id.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master