# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  February 15, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| TIMOTHY WERNER BOOTHE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1560V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Robert Oushalem, San Jose, CA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 13, 2018, Timothy Werner Boothe ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 35). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $25,178.57.

### I.     Procedural History

On October 19, 2017, Timothy Werner Boothe filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on October 3, 2016. Petitioner at 1. On October 30, 2018, the parties filed a proffer which I adopted as my Decision awarding

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

damages on October 31, 2018. Decision, ECF No. 30.

On November 13, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Robert Oushalem, in the total amount of $25,178.57, representing $23,458.21 in attorneys' fees and $1,720.36 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner indicates that he has not personally incurred any expenses in pursuit of this litigation. ECF No. 33.

Respondent reacted to the fees motion on November 16, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 36). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a proffer, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioner requests that his attorney, Mr. Oushalem, be compensated at $425.00 per hour for work performed in 2017 and 2018. This is Mr. Oushalem's first (and so far only) case in the Vaccine Program and thus the first time a special master has had the opportunity to consider his requested rates. Mr. Oushalem practices law in San Jose, California, and while the question of whether attorneys in San Jose are entitled to forum rates has yet to be broached, I find that forum rates are appropriate in the instant case. Most notably, attorneys practicing in nearby San Mateo, California have been found to be entitled to forum rates. *See Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2017). There is no doubt that attorneys practicing in San Jose, located within the heart of Silicon Valley, would also be entitled to forum rates.

Mr. Oushalem has been licensed to practice law in California since 1980, giving him over 38 years of legal experience and placing him within the highest bracket of the OSM Attorneys'

Forum Hourly Rate Fee Schedule.[3] The requested rate of $425.00 per hour is squarely within the prescribed ranges for both 2017 and 2018. While Mr. Oushalem lacks specific Vaccine Program experience, his general overall experience, coupled with his success in this case lead me to find that $425.00 per hour is a reasonable rate for Mr. Oushalem's work.

I also find the hours expended in this matter (55.2) to be reasonable based upon my experience and my review of the documentation submitted. The documentation adequately identifies the nature of the task and the time spent performing that task. Additionally, there are no issues such as attorneys billing for paralegal or administrative work, significant block billing, vague entries, or excessive interoffice communication. Thus, I approve the requested attorneys' fees without adjustment.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,720.36. This amount consists of acquiring medical records, photo copies, mailing costs, and the Court's filing fee. Fees App. Ex. 1 at 4.

I have reviewed the requested costs and find them to be reasonable. Petitioner has provided adequate documentation for all costs and they shall be reimbursed in full. Accordingly, Petitioner is awarded **$1,720.36** in costs.

### III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $23,458.21 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$23,458.21** |
| | |
| Attorneys' Costs Requested | $1,720.36 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,720.36** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$25,178.57** |

**Accordingly, I award the following:**

---

[3] The 2017 Fee Schedule can be found at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be found at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

1) **A lump sum in the amount of $25,178.57, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Robert Oushalem.**[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

_s/Thomas L. Gowen_
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).